UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>THE PARISH OF JEFFERSON, ET AL V. AMERISOURCEBERGEN DRUG CORPORATION, ET AL<br><br>Civil Action No. 18-OP-45885 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiffs, the Parish of Jefferson, Jefferson Parish Hospital Service District No. 1 and Jefferson Parish Hospital Service District No. 2 (collectively referred to herein as "Plaintiffs" and/or "Jefferson Parish") submit this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, as indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiffs also hereby amend their complaint to alter the defendants against which

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

claims are asserted as identified below.  To the extent certain defendants sued in plaintiffs' existing complaint are no longer identified as defendants herein, they are dismissed without prejudice except as limited by CMO-1, Section 6(e).  Doc. #232.

### INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiffs' Existing Complaint (Ohio Northern District No. 18-OP-45885; Louisiana Eastern District No. 2:18-CV- 06343,  Doc. #: 1978)  is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants not now listed in section 2 below are dismissed without prejudice.

### PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiffs assert claims against the following Defendants:

[List all Defendants against which claims are asserted.  To the extent a claim is not asserted against a particular defendant, so indicate below.  Otherwise each claim will be deemed to be asserted against all Defendants (except for the RICO claims identified below).  If Defendants have not been sued previously in Plaintiff(s)' Existing Complaint, Plaintiff must include separate factual allegations below in support of each new defendant and must separately serve each newly named Defendant with notification of the specific ARCOS data that Plaintiffs claim supports the addition of this Defendant pursuant to the Court's Order Setting Procedure for Short Form Amendment of Complaints and Incorporation by Reference of Materials Under Seal]

Amerisourcebergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Purdue Pharma L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., Noramco Inc., Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., Allergan PLC f/k/a Actavis PLC, Watson Pharmaceuticals, Inc. n/k/a Actavis, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Mallinckrodt PLC, Mallinckrodt LLC,   Morris     &    Dickson Co., LLC and Morris & Dickson Co., LLC d/b/a Spark Drug (M & D), SpecGX, LLC, Par Pharmaceutical, Inc., Indivior, PLC,  Walgreens Boots Alliance, Inc. a/ka Walgreen Co., and CVS Health Corporation.

**I, Deborah A. Villio, Counsel for Plaintiffs, certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiffs.**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendant(s)** *do not appear* **in the ARCOS data I reviewed:**

    N/A.

**Dated:** 3/14/19      **Signed:** Deborah A. Villio

Factual Allegations Regarding Individual Defendants

    2.1    Defendant MORRIS & DICKSON CO., LLC and Morris & Dickson Co., LLC d/b/a Spark Drug ("Morris & Dickson") is a limited liability company with its principal place of business in Shreveport, Louisiana. Morris & Dickson is a full-line wholesale pharmaceutical distributor. On information and belief, it is the largest independently owned and privately held drug wholesale distributor in the United States. It operates out of a single distribution center in Shreveport, Louisiana, which serves pharmacies, hospitals and alternate care clinics such as nursing homes in 17 states. Morris & Dickson has a regional transportation hub in the Parish of Jefferson.

    2.2    At all times relevant to this Complaint, Morris & Dickson is and was a DEA registered entity licensed to distribute prescription opioids through the county, including the Parish of Jefferson, and distributed prescription opioids in the State of Louisiana and, specifically, the Parish of Jefferson. At all relevant times, this Defendant operated as a licensed wholesale distributor in Louisiana, licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy.

    2.3    During all relevant times, Morris & Dickson has sold and continues to sell prescription opioids at locations within Jefferson Parish, its hospitals, clinics, and other healthcare facilities serving Jefferson Parish.

    2.4    Morris & Dickson has engaged in consensual commercial dealings with Jefferson Parish, its hospitals, clinics, healthcare facilities and citizens, and has purposefully availed itself of the advantages of conducting business with and within Jefferson Parish.

    2.5    Defendant SPEC GX, LLC ("Spec GX") is a foreign limited liability company organized and existing under the laws of the State of Delaware and it is authorized to do business in the State of Louisiana. Spec GX is indirectly a wholly owned subsidiary of Defendant MALLINCKRODT, PLC, with officers for its principal place of business located at 3600 North Second Street, Saint Louis, Missouri.

2.6     Spec GX and its DEA registrant subsidiaries and affiliates work together to manufacture, promote, distribute and sell opioids nationally and in the Parish of Jefferson.

2.7     At all times relevant to this Complaint, Spec GX is and was a DEA registered entity licensed to distribute prescription opioids through the county, including the Parish of Jefferson, and distributed prescription opioids in the State of Louisiana and, specifically, the Parish of Jefferson.

2.8     During all relevant times, Spec GX has sold and continues to sell prescription opioids at locations within Jefferson Parish, its hospitals, clinics, and other healthcare facilities serving Jefferson Parish.

2.9     Spec GX has engaged in consensual commercial dealings with Jefferson Parish, its hospitals, clinics, healthcare facilities and citizens, and has purposefully availed itself of the advantages of conducting business with and within Jefferson Parish.

2.10    Defendant PAR PHARMACEUTICAL, INC. ("PPI") is a domestic business corporation organized and existing under the laws of the State of New York with its principal place of business located in Chestnut Ridge, New York.  PPI is a wholly owned subsidiary of PPC f/k/a Par Pharmaceutical Holdings, Inc., and an indirectly owned subsidiary of Endo International, plc, an Irish public limited company that has global headquarters in Dublin, Ireland and U.S. headquarters in Malvern, Pennsylvania.

2.11    PPI and its DEA registrant subsidiaries and affiliates work together to manufacture, promote, distribute and sell opioids nationally and in the Parish of Jefferson.

2.12    At all times relevant to this Complaint, PPI is and was a DEA registered entity licensed to distribute prescription opioids through the county, including the Parish of Jefferson, and distributed prescription opioids in the State of Louisiana and, specifically, the Parish of Jefferson.

2.13    During all relevant times, PPI has sold and continues to sell prescription opioids at locations within Jefferson Parish, its hospitals, clinics, and other healthcare facilities serving Jefferson Parish.

2.14    PPI has engaged in consensual commercial dealings with Jefferson Parish, its hospitals, clinics, healthcare facilities and citizens, and has purposefully availed itself of the advantages of conducting business with and within Jefferson Parish.

2.15 Defendant INDIVIOR, PLC ("Indivior") is a multinational pharmaceutical company with its headquarters in Slough, United Kingdom, and its principal place of business in the United States located in Richmond, Virginia.  Indivior manufactures opioids and sells opioids in the Parish of Jefferson and throughout the United States.

2.16 At all times relevant to this Complaint, Indivior is and was a DEA registered entity licensed to distribute prescription opioids through the county, including the Parish of Jefferson, and distributed prescription opioids in the State of Louisiana and, specifically, the Parish of Jefferson.  At all relevant times, this Defendant operated as a licensed wholesale distributor in Louisiana, licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy.

2.17 During all relevant times, Indivior has sold and continues to sell prescription opioids at locations within Jefferson Parish, its hospitals, clinics, and other healthcare facilities serving Jefferson Parish.

2.18 Indivior has engaged in consensual commercial dealings with Jefferson Parish, its hospitals, clinics, healthcare facilities and citizens, and has purposefully availed itself of the advantages of conducting business with and within Jefferson Parish.

2.19 Defendant WALGREENS BOOTS ALLIANCE, INC. a/k/a WALGREEN CO., is a Delaware corporation with its principal place of business in Illinois. Walgreens Boots Alliance Inc. conducts business as a licensed wholesale distributor under the following named business entities: Walgreen Co.; Walgreen Eastern Co., Inc.; Walgreen Arizona Drug Co. (collectively "Walgreens"). At all times relevant to this Complaint, Walgreens distributed prescription opioids throughout the United States, including in the Parish of Jefferson.  At all relevant times, this Defendant operated as a licensed wholesale distributor in the State of Louisiana and, specifically, the Parish of Jefferson, and is licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy.

2.20  At all times relevant to this Complaint, Walgreens is and was a DEA registered entity licensed to distribute prescription opioids through the county, including the Parish of Jefferson, and distributed prescription opioids in the State of Louisiana  and, specifically, the Parish of Jefferson.

2.21 During all relevant times, Walgreens has sold and continues to sell prescription opioids at locations within Jefferson Parish, its hospitals, clinics, and other healthcare facilities serving Jefferson Parish.

2.22 Walgreens has engaged in consensual commercial dealings with Jefferson Parish, its hospitals, clinics, healthcare facilities and citizens, and has purposefully availed itself of the advantages of conducting business with and within Jefferson Parish.

2.23 Defendant CVS HEALTH CORPORATION is a Delaware corporation with its principal place of business in Rhode Island. CVS Health Corporation conducts business as a licensed wholesale distributor under the following named business entities: CVS Indiana, L.L.C.;

CVS Orlando FL Distribution; CVS Pharmacy, Inc.; CVS RX Services, Inc., d/b/a CVS Pharmacy Distribution Center; CVS TN Distribution, LLC ; and CVS VERO FL Distribution, L.L.C. (collectively "CVS"). At all times relevant to this Complaint, CVS distributed prescription opioids throughout the United States, including in the State of Louisiana and, specifically, in the Parish of Jefferson. At all relevant times, this Defendant operated as a licensed wholesale distributor in Louisiana, licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy.

2.24 At all times relevant to this Complaint, CVS is and was a DEA registered entity licensed to distribute prescription opioids through the county, including the Parish of Jefferson, and distributed prescription opioids in the State of Louisiana and, specifically, the Parish of Jefferson.

2.25 During all relevant times, CVS has sold and continues to sell prescription opioids at locations within Jefferson Parish, its hospitals, clinics, and other healthcare facilities serving Jefferson Parish.

2.26 CVS has engaged in consensual commercial dealings with Jefferson Parish, its hospitals, clinics, healthcare facilities and citizens, and has purposefully availed itself of the advantages of conducting business with and within Jefferson Parish.

2.27 Walgreens and CVS are referred to as "National Retail Pharmacies" and together with Cardinal, McKesson, Amerisource Bergen, Morris & Dickson, Spec GX, PPI and Indivior are collectively referred to as the "Distributor Defendants."

2.28 Amerisourcebergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Purdue Pharma L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., Noramco Inc., Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., Allergan PLC f/k/a Actavis PLC, Watson Pharmaceuticals, Inc. n/k/a Actavis, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Mallinckrodt PLC, Mallinckrodt LLC, Spec GX, PPI and Indivior are collectively referred to as "Manufacturer Defendants" a/k/a "Marketing Defendants."

2.29 The named Defendants include the above referenced entities, as well as their predecessors, successors, affiliates, subsidiaries, partnerships and divisions to the extent that they are engaged in the manufacture, promotion, distribution, sale and/or dispensing of opioids.

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. # 24.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

N/A

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. #24 are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

N/A

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

N/A

WHEREFORE, Plaintiffs prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: 3/14/2019

*__/S/ Deborah A. Villio_____*
DEBORAH A. VILLIO (#19352)
MICHAEL L. FANTACI (#25043)
LEBLANC FANTACI VILLIO, LLC
3421 N. Causeway Blvd., Ste. 201
Metairie, LA 70002
Tel.: (504) 828-1010
Fax: (504) 828-1079
E-mail:  dvillio@lfvlaw.us
E-mail:  mfantaci@lfvlaw.us

*/s/ Thomas P. Anzelmo_____*
THOMAS P. ANZELMO (#2533)
LAUREN A. WELCH (#17199)
McCRANIE, SISTRUNK, ANZELMO, HARDY, McDANIEL & WELCH, L.L.C.
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-mail:  tanzelmo@mcsalaw.com
E-mail:  lwelch@mcsalaw.com

*/s/ J. Christopher Zainey, Jr.*
**J.  CHRISTOPHER ZAINEY, JR. (#32022**)
HUBER, SLACK THOMAS & MARCELLE, LLP
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Phone: (504)274-2500
Fax: (504)910-0838
chris@huberslack.com


**THE GREEN LAW FIRM**

/s/ *Marcus A. Green*
**Marcus A. Green (#28921**)
931 Westwood Dr.
Suite B
Marrero, LA 70072
Telephone: (504) 328-3990
Fax:  (504) 328-3992
mag@greenlawfirmla.com


**BERRIGAN LITCHFIELD, LLC**


*/s/ E. John Litchfield*
E. JOHN LITCHFIELD (Bar Roll No. 08622)
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana  70170
Telephone:  (504) 568-0541
Facsimile:  (504) 561-8655
jlitchfield@berriganlaw.net


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Deborah A. Villio, hereby certify that the foregoing document was served to the original named defendants via the Court's ECF system to all counsel of record. Service on the newly listed defendants will be done via a Summons.

/s/ *Deborah A. Villio*
Deborah A. Villio